24-592-cr
United States v. Cuney

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-five.

PRESENT:   AMALYA L. KEARSE,
                       DENNIS JACOBS,
                       RAYMOND J. LOHIER, JR.,
                                *Circuit Judges.*
------------------------------------------------------------------
UNITED STATES OF AMERICA,

     *Appellee*,

  v.                                                                          No. 24-592-cr

JONATHAN CUNEY,

     *Defendant-Appellant*.
------------------------------------------------------------------

FOR APPELLEE:                                    Kingdar Prussien, Nathan
                                                 Rehn, Assistant United States
                                                 Attorneys, *for* Edward Y. Kim,
                                                 Acting United States Attorney
                                                 for the Southern District of
                                                 New York, New York, NY

FOR APPELLANT:                                   Jonathan Cuney, *pro se*, Port
                                                 Ewing, NY

Appeal from an order of the United States District Court for the Southern

District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the order of the District Court is AFFIRMED.

Jonathan Cuney, proceeding *pro se*, appeals from a February 20, 2024 order

of the United States District Court for the Southern District of New York

(Briccetti, *J.*) denying his petition for a writ of error *coram nobis*.   Cuney seeks to

vacate his 2015 convictions for selling firearms with obliterated serial numbers,

in violation of 18 U.S.C. § 922(k), and selling firearms to individuals without

required permits or documentation in violation of state law, in violation of 18

U.S.C. § 922(b)(2).   Cuney did not file a direct appeal or a petition for habeas

corpus relief under 28 U.S.C. § 2255 before filing this *coram nobis* petition in 2022.

We assume the parties' familiarity with the underlying facts and the record of

2

prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* whether the District Court applied the proper *coram nobis* standard, and review for abuse of discretion its denial of the writ on the merits. *See Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019). "The writ of error *coram nobis* is an extraordinary remedy that issues only in extreme cases." *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (quotation marks omitted). As the District Court understood, "[t]o secure *coram nobis* relief, a petitioner must show that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* (quotation marks omitted).

The District Court's ruling that Cuney failed to provide sound reasons for his nearly seven-year delay in seeking relief was not an abuse of discretion. Cuney claims that he failed to seek relief earlier because his lawyer misadvised him about the consequences of his guilty plea and mistakenly counseled that he could not file a direct appeal or a § 2255 motion. The record belies both claims.

3

To the extent Cuney's argument rests on general advice he received from counsel about the appeal waiver in his plea agreement, counsel would have been correct to inform Cuney of the consequences of that waiver on his ability to appeal or collaterally attack his convictions or sentence. At his 2015 plea allocution, Cuney confirmed that he understood that he would be unable to own firearms or operate as a licensed firearms dealer as a result of his guilty plea. Later at sentencing, Cuney acknowledged that his career as a licensed firearms dealer was over; indeed, he relied on that fact to ask for leniency. In addition, the District Court specifically advised Cuney that he had the right to appeal his sentence subject to any limitations contained in his plea agreement. The plain terms of the plea agreement did not prevent Cuney from asserting an ineffective assistance of counsel claim on appeal or collateral review.

In the alternative, Cuney asserts that he failed to seek earlier relief because he could not have raised his Second Amendment challenges to the constitutionality of 18 U.S.C. §§ 922(k) and 922(b)(2) until after the Supreme Court's 2022 decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We understand this argument to be that Cuney could not have made his constitutional challenges until after *Bruen* specifically required that

4

governments identify historical analogues to modern firearms regulations. The District Court did not err in rejecting this argument. Second Amendment challenges to federal firearms statutes, including challenges that draw on history and tradition, were available and indeed raised in other cases well before *Bruen* based on the Supreme Court's 2008 decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). *See United States v. Marzzarella*, 614 F.3d 85, 91 (3d Cir. 2010) (applying "the historical approach *Heller* used to define the scope of the [Second Amendment] right" in a challenge to § 922(k)). The Supreme Court's historical approach in *Bruen* merely followed "the course charted by *Heller*." *Bruen*, 597 U.S. at 27. Cuney thus could have argued pre-*Bruen* that the statutes under which he was convicted lacked any historical precedent.

For these reasons, the District Court's decision that Cuney lacked "sound reasons" for his delay was not an abuse of discretion. *Rutigliano*, 887 F.3d at 108 (quotation marks omitted). Because we affirm the District Court's order on this basis alone, we need not reach the merits of Cuney's *coram nobis* petition.

5

We have considered Cuney's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
